IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ALEJANDRO MENERA MARTINEZ

v.  Criminal No. 1:17cr119-HSO-RHW-1
Civil No. 1:18cv325-HSO

UNITED STATES OF AMERICA

**MEMORANDUM OPINION AND ORDER GRANTING ALEJANDRO MENERA MARTINEZ'S MOTION [98] TO AMEND AND GRANTING IN PART AND DISMISSING IN PART WITHOUT PREJUDICE ALEJANDRO MENERA MARTINEZ'S MOTION [89] TO VACATE, SET ASIDE, OR CORRECT SENTENCE FILED PURSUANT TO 28 U.S.C. § 2255**

BEFORE THE COURT are Defendant Alejandro Menera Martinez's Motion [89] to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255, and his Motion [98] to Amend. Defendant seeks to set aside his June 11, 2018, Judgment of Conviction. Menera Martinez's former counsel has filed an Affidavit [95] in response to the Motion [89]. The Government has filed a Response [96], and Menera Martinez a Reply [99] and a Motion to Amend [98]. Having considered the issues presented, the record, and relevant legal authority, the Court is of the opinion that the Motion [98] to Amend should be granted, and that the Motion [89] to Vacate should be granted in part to allow Menera Martinez to file an out-of-time direct appeal, and dismissed without

1

prejudice in all other respects.

## I. BACKGROUND

A.  Factual background

On October 2, 2017, the Government filed a Criminal Complaint [1], charging that Defendant Alejandro Menera Martinez ("Defendant" or "Menera Martinez") brokered the sale of approximately two kilograms of suspected Fentanyl to a confidential informant from an Atlanta, Georgia, based "fentanyl organization." Compl. [1]. A grand jury subsequently returned a two-count Indictment [3] charging Menera Martinez with violations of 21 U.S.C. § 841(a)(1). Redacted Indictment [21]. The Government later filed a three-count Superseding Indictment [42] charging Defendant: (a) with knowingly and intentionally conspiring to possess with intent to distribute, and possessing with intent to distribute, one kilogram or more of a detectable amount of heroin, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; and (b) with traveling in interstate commerce with the intent to carry out unlawful activity, in violation of 18 U.S.C. § 1952(a)(3). Redacted Superseding Indictment [42].

Menera Martinez retained Lee C. Russell as counsel, and on February 23, 2018, Defendant pled guilty to Count Two of the Superseding Indictment [42], which charged him with "knowingly and intentionally possess[ing] with intent to distribute a mixture or substance containing 1 kilogram or more of a detectable amount of heroin." *Id.*; Am. Plea Agreement [59]. Pursuant to a written Plea Agreement with the Government, Defendant reserved "the right to raise ineffective

2

assistance of counsel claims," but otherwise expressly waived "the right to appeal the conviction and sentence imposed in this case" and "the right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding." Am. Plea Agreement [59] at 5.

On June 5, 2018, the Court sentenced Defendant to the statutory minimum term of one-hundred-and-twenty (120) months imprisonment with respect to Count Two, and dismissed Counts One and Three of the Superseding Indictment [42] on the Government's Motion. Minute Entry, June 5, 2018; *Sealed* PSR [76]. The Court also sentenced Defendant to five (5) years of supervised release and ordered him to pay a $5,000.00 fine and a $100.00 special assessment. J. [83]. The Court executed and filed the Judgment of Conviction [83] on June 11, 2018. Neither Defendant nor his counsel filed an appeal of the Judgment within the time afforded by the Federal Rules of Appellate Procedure.

B.  Procedural background

Proceeding pro se, Defendant timely filed the instant Motion [89] to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 on October 9, 2018, along with a Memorandum in Support [90].[1] Defendant asserts that his attorney rendered ineffective assistance of counsel because, among other things, he failed to "communicate" regarding an appeal. Specifically, Defendant states that:

> this issue the Counsel did Not Submitted Objections or Submitted his

---

[1] The Court's Text Order entered herewith construes Document [90], which was filed as a Motion for Leave to File 28 U.S.C. 2255, as a Memorandum in Support of Defendant's earlier filed Motion [89].

> Right of Direct Appeal-did Not Was Commonicate the Movant's of his
> Right of Appeal Direct- Counsel Aggregios Misconducted.

Mot. [89] at 6 (misspellings and grammatical errors in original). He appears to also advance claims that: the Government failed to prove that the substance was heroin or to establish the underlying *mens rea*; counsel failed to seek a departure for a first-time offender; and counsel failed to object to a leader or organizer enhancement applied at sentencing. *See* Mot. [89]; Mem. in Support [90].

With the help of an inmate, Menera Martinez has also submitted a Motion [98] to Amend his Motion [89] to Vacate and an Affidavit [98-1] signed under penalty of perjury. Mot. [98] to Am. at 1-2; Menera Martinez Aff. [98-1]. Defendant states that he "tried to reach his former counsel via phone calls and letter to express that he was not satisfied with his sentence . . . and he wished to appeal, [but that counsel] did not remain reasonably available." Mot. [98] to Am. At 4. In his attached Affidavit, Menera Martinez avers: "I recall telling my attorney after sentencing that I wished to appeal and, just to make sure I tried to contact him but to no avail." Menera Martinez Aff. [98-1] at 2. Defendant further states that counsel told him that he would receive no more than 70 or 80 months if he signed the Plea Agreement. *Id.*

Menera Martinez's former counsel, Lee C. Russell, has supplied an Affidavit [95] in which he argues that Menera Martinez's claims are without merit and that the Court made Defendant aware of his right to appeal. Russell Aff. [95]. The Government has also filed a Response [135] in opposition to Defendant's Motion [89]

4

to Vacate, taking the position that Menera Martinez waived his right to any post-conviction relief and is thus not entitled to any relief. Resp. [96].

## II. DISCUSSION

A.  Defendant's Motion [98] to Amend

Pursuant to Federal Rule of Civil Procedure 15, a party may amend its pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a); *see United States v. Saenz*, 282 F.3d 354, 355-56 (5th Cir. 2002) (applying Rule 15 to motions to vacate filed under 28 U.S.C. § 2255). In all other cases, a party may amend its pleading only with the opposing party's written consent or the Court's leave. Fed. R. Civ. P. 15(a). Leave to amend a complaint is freely given "when justice so requires." *Id.* Although the Court may deny leave to amend based upon undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by prior amendment, undue prejudice to the opposing party, or futility, *Union Planters National Leasing, Inc. v. Woods*, 687 F.2d 117, 121 (5th Cir. 1982), the Court finds none of the factors present here, and will grant Defendant's Motion [98] to Amend and construe it as an amendment to his Motion [89] to Vacate pursuant to § 2255.[2]

---

[2] The Court also notes that the Government has not filed a response to this Motion [98] and the time for doing so has passed.

B.    Defendant's § 2255 Motion [89]

The Sixth Amendment to the United States Constitution guarantees an accused the right to the assistance of counsel in defense of a criminal prosecution. U.S. CONST. AMEND. VI. This right extends to the plea bargaining process, during which criminal "defendants are entitled to the effective assistance of competent counsel." *Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012) (quotation omitted). Claims of ineffective assistance of counsel are properly asserted by way of a § 2255 motion to vacate. *See United States v. Gaudet*, 81 F.3d 585, 589 n.5 (5th Cir. 1996). A claim asserting ineffective assistance of counsel survives a waiver of the right to file a Section 2255 motion "only when the claimed [ineffective] assistance directly affected the validity of that waiver or the plea itself." *United States v. Hollins*, 97 F. App'x 477, 479 (5th Cir. 2004) (quoting *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002)). Here, the Plea Agreement expressly reserved Defendant's right to raise claims of ineffective assistance of counsel. Am. Plea Agreement [59] at 5. To succeed on a Section 2255 motion asserting ineffective assistance, a defendant must demonstrate that his trial counsel's performance fell below an objective standard of reasonableness and that this deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 690 (1984).

Notwithstanding *Strickland*, the United States Court of Appeals for the Fifth Circuit has held that a failure to file an appeal when requested constitutes *per se* ineffective assistance of counsel and permits an out-of-time appeal. *United States v. Tapp*, 491 F.3d 263, 265-66 (5th Cir. 2007). This is so even where the defendant

6

has waived his right to a direct appeal. *Id*. Menera Martinez avers that he requested that his attorney file an appeal but that his attorney did not, and that his attorney remained unreachable. Mot. [98] to Am. At 4; Menera Martinez Aff. [98-1] at 2.[3] Accordingly, the Court is of the opinion that Defendant's request for an out-of-time appeal should be granted.

Because district courts cannot "create appellate jurisdiction," the Fifth Circuit has provided direction in this context. *United States v. West*, 240 F.3d 456, 459, 460-61 (5th Cir. 2001). When allowing an out-of-time appeal based on a Section 2255 motion asserting ineffective assistance based upon counsel's failure to file a notice of appeal, the out-of-time appeal cannot proceed unless the Court grants the Section 2255 motion insofar as it seeks an out-of-time appeal and dismisses without prejudice "those parts of the motion for which the out-of-time appeal is granted." *Id*. at 460. The Court must then reinstate the judgment of conviction on the criminal docket, and a defendant will have fourteen (14) days from the date of entry of the reinstated judgment to file a Notice of Appeal in this Court. *Id*. at 462; FED. R. APP. P. 4(b)(1)(A)(i).

Pursuant to this directive, Defendant's Motion to Vacate [89] will be granted only to the extent that Defendant will be permitted to file an out-of-time direct appeal concerning the grounds for relief raised in his Section 2255 Motion. *West*, 240 F.3d at 460-61. By a "Text Only Order" to be entered in conjunction with this

---

[3] Although the Court grants Menera Martinez's Motion [98] to Amend, the result would remain unchanged had the Court not considered this supporting Affidavit [98-1]. Liberally construing his original § 2255 Motion [89], Defendant has sufficiently alleged that he requested that counsel pursue a direct appeal.

Memorandum Opinion and Order, the Court will reinstate the Judgment of Conviction [83] on the criminal docket as of June 5, 2019. *Id*. at 462. The remaining claims asserted in the Motion to Vacate will be dismissed without prejudice. *Id*. Whether Defendant is able to identify any arguably meritorious grounds for appeal that would not be precluded by the terms of the Plea Agreement need not be addressed at this point. *Tapp*, 491 F.3d at 265-66. Should Defendant elect to reassert these claims, or others, he may do so by way of a timely Section 2255 motion after his direct appeal is concluded.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Alejandro Menera Martinez Motion [98] to Amend is granted and his Motion [89] to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255 is **GRANTED IN PART** to the extent that Defendant is permitted to file an out-of-time direct appeal as described above, and is **DISMISSED IN PART WITHOUT PREJUDICE** in all other respects.

**SO ORDERED AND ADJUDGED**, this the 5th day of June, 2019.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE